993 F.2d 1546
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry BREWER, Petitioner-Appellant,
v.
Phil PARKER, Warden, Respondent-Appellee.
 No. 92-3429.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1993.
 
 Before KENNEDY and SILER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Larry Brewer, an Ohio state prisoner, proceeding without benefit of counsel, appeals from the order of the district court dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Brewer pled guilty to rape against victims under the age of thirteen (Ohio Rev.Code Ann. § 2907.02(A)(3) and (B)), and gross sexual imposition upon a person under the age of thirteen (Ohio Rev.Code Ann. § 2907.05(A)(3) and (B)). He did not timely appeal his conviction. Instead, nearly four years later, he filed a state court post-conviction petition. He also filed a motion for a delayed appeal. Upon exhaustion of the issues contained in these actions, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.
 
 
 3
 In his petition for habeas corpus relief, Brewer alleged that: (1) his guilty plea was unlawfully induced or involuntarily entered; (2) that his conviction was obtained by an unconstitutional failure on the part of the prosecutor to disclose evidence favorable to Brewer; (3) that he was denied effective assistance of counsel; (4) that the trial judge suffered from a conflict of interest; and (5) that he was denied due process of law by the trial court's failure to comply with Criminal Rule 11(B)(1), Ohio Rules of Criminal Procedure; and, (6) by the court's failure to follow Ohio Revised Code §§ 2947.051 and 2929.12. Brewer later withdrew the second issue.
 
 
 4
 "Cause and prejudice" is required to determine whether a petitioner should be excused for failing to comply with a state's procedural rule which required the petitioner to have done something to preserve his claimed error for appellate review. The district court assumed for the sake of argument that Brewer could establish "cause" for his failure to directly appeal his conviction. See Harris v. Reed, 489 U.S. 255, 262-63 (1989). However, the district court concluded that Brewer was unable to establish "prejudice" with regard to grounds one, two, four, five and six. United States v. Frady, 456 U.S. 152, 170 (1982) (petitioner bears the burden of showing that there was actual prejudice). The district court also concluded that Brewer's allegation of ineffective assistance of counsel was meritless.
 
 
 5
 Upon review, we find no error. Accordingly, for the reasons set forth in the district court's memorandum opinion dated March 30, 1992, the order dismissing Brewer's petition for a writ of habeas corpus is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.